**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
 (212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

**FLOR PALAGUACHI, MARIA MINCHALA, and
MARIA ANASICHA,**

|  |  |
|---|---|
| **Plaintiffs,** | COMPLAINT |
| | FLSA COLLECTIVE ACTION |
| -against- | |
| | ECF CASE |
| **BEST NAILS, and SONG YUN LEE,
and BYUNG CHAN SONG, individually,** | |
| **Defendants.** | |

-----------------------------------------------------------------------------X

Plaintiffs Flor Palaguachi, Maria Minchala, and Maria Anasicha, (collectively referred herein as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, The Law Offices of Jacob Aronauer, complaining of Best Nails and Song Yun Lee and Byung Chan Song, individually (collectively herein the "Defendants"), allege the following:

### NATURE OF THE ACTION

1. This is a civil action brought by Plaintiffs and all similarly situated manicurists, pedicurists, and masseurs to recover unpaid overtime compensation, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). These Plaintiffs and the collective class work or have worked at the nail salon controlled and operated by the husband wife team of Defendant Song Yun Lee and Byung Chan Song.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the nail salon owned and controlled by the Defendants located in Long Beach, New York.

3. Plaintiffs and the FLSA collective also brings this action under the Wage Theft Protection Act, for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiffs and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiffs**

**Flor Palaguachi**

8.  Plaintiff Palaguachi is an adult individual residing in Queens, New York.

9.  Plaintiff Palaguachi worked at Best Nails without interruption from February 2008 until July 2015 as a manicurist, pedicurist, and masseur.

10. Plaintiff Palaguachi was a covered employee within the meaning of the FLSA and the NYLL.

11. Plaintiff Palaguachi's consent to sue form is annexed herein as Exhibit A.

**Maria Minchala**

12. Plaintiff Minchala is an adult individual residing in Queens, New York.

13. Plaintiff Minchala worked at Best Nails without interruption from August 2010 until July 2015 as a manicurist, pedicurist, and masseur.

14. Plaintiff Minchala is a covered employee within the meaning of the FLSA and the NYLL.

15. Plaintiff's Minchala's consent to sue form is annexed herein as Exhibit A.

**Maria Anasicha**

16. Plaintiff Anasicha is an adult individual residing in Queens, New York.

17. Plaintiff Anasicha worked at Best Nails between March 2011 and July 2015 as a manicurist, pedicurist and masseur.

18. Plaintiff Anasicha is a covered employee within the meaning of the FLSA and the NYLL.

19. Plaintiff Anasicha's consent to sue form is annexed herein as Exhibit A.

**Defendants**

20. On information and belief, for approximately the last ten years, the Defendants Song Yun Lee and Byung Chan Song, have owned and maintained control, oversight, and the direction of the Best Nails nail salon in Long Beach.

21. Defendant Song Yun Lee is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer, and/agent of Best Nails. Along with her husband, Byung Chan Song, Defendant Lee exercised sufficient control over Best Nails to be considered Plaintiffs' employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Best Nails.

22. Defendant Byung Chan Song is a person engaged in business in New York County, who is sued individually in his capacity as an own, officer, and/agent of Best Nails. Along with his wife, Song Yun Lee, Song exercised sufficient control over Best Nails to be considered the Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Best Nails.

23. At all times relevant to this action, Best Nails[1] was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

24. On information and belief, Defendant Best Nails has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for

---

[1] Despite diligent efforts, at this point in time Plaintiffs do not have knowledge of the corporate entity, assuming one exists, that Best Nails operates their business under.

commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly persons (manicurists, pedicurists, and masseurs) who are current and former employees of Best Nails since the date six years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately fifteen (15) similarly situated current and former manicurists at Best Nails who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

27. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

> i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;
>
> ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to the Plaintiff and the FLSA Collective.

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

30. The position of manicurist is not exempt and has never been exempt. Manicurists, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

31. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

32. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

33. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

34. Defendants paid Plaintiffs and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

### Best Nails Operations

35. Best Nails is open seven days a week.

36. Monday through Friday of each workweek, the Plaintiffs were picked up in Flushing, Queens by Defendant Song at 8:10 a.m. and driven to Best Nails, where they began work at 9:00 a.m. Plaintiffs completed work at approximately 7:30 p.m. and would then be driven back to Flushing by Defendant Song.

37. Saturdays, the Plaintiffs were picked up in Flushing, Queens by Defendant Song at approximately 7:40 a.m. and driven to Best Nails, where they began work at approximately 8:30 a.m. Plaintiffs completed work at approximately 7:30 p.m. and would then be driven back to Flushing by Defendant Song.

38. Sundays, the Plaintiffs were picked up in Flushing, Queens by Defendant Song at 8:40 a.m. and driven to Best Nails, where they began work at 9:30 a.m. Plaintiffs completed work at approximately 6:30 p.m. and would then be driven back to Flushing by Defendant Song.

39. Plaintiffs did not receive meal breaks during the course of their workday.

40. Plaintiffs were paid according to a daily rate, between $50 and $70 a day, depending on experience.

41. Depending on the season, Plaintiffs' work schedule varied.

42. January through March, Plaintiffs worked three or four days per week (beween approximately 32-43 hours per week).

43. April through October, Plaintiffs worked five or six days per week (between approximately 53-63 hours per week).

44. November through December, Plaintiffs worked five days per week (between approximately 53 hours per week).

45. Even though Plaintiffs regularly worked more than 40 hours per week and were not exempt, they were not paid overtime.  Instead, Plaintiffs were only paid per day and Defendants did not pay Plaintiffs additional monies when they worked more than 40 hours in a given week.

46. Throughout the majority, if not all of the Plaintiffs' employment with the Defendants, they were not paid minimum wage.

47. Throughout the Plaintiffs' employment with the Defendants, they were not paid spread-of-hours pay for shifts in which they worked 10 hours or more.

48. Throughout Plaintiffs' employment, Defendants did not require Plaintiffs to "clock in" or use any other formal time tracking method with respect to their hours.

49. Throughout Plaintiffs' employment, each week Defendants paid Plaintiffs for their prior week's work with an envelope filled with cash.

50. This envelope did not contain any notation of the hours worked by Plaintiff.  In fact, throughout the Plaintiffs employment, Defendants never provided Plaintiffs with any documentation as to their wages, hours worked, rate of pay, gross wages, overtime hours or spread-of-hours pay.

.

**Flor Palaguachi's Employment at Best Nails**

51. From February 2008 until July 2015, Plaintiff Palaguachi was employed, without interruption, as a manicurist, pedicurist, and masseur by Defendants.

52. Throughout her employment with Defendants, Plaintiff Palaguachi was scheduled to work more than 10 hours per shift.

53. Throughout her employment with Defendants, Plaintiff Palaguachi was scheduled to work more than 40 hours each week.

54. Plaintiff Palaguachi was paid $50 per day between February 2008 and December 2008.

55. Plaintiff Palaguachi was paid $55 per day between January 2009 and December 2009.

56. Plaintiff Palaguachi was paid $60 per day between January 2010 and December 2011.

57. Plaintiff Palaguachi was paid $70 per day between January 2012 and July 2015.

58. Throughout the majority if not all of her employment with Defendants, Plaintiff Palaguachi was not paid minimum wage, overtime or spread of hours pay for shifts in which she worked 10 hours or more.

**Maria Minchala's Employment at Best Nails**

59. From August 2010 until July 2015, Plaintiff Minchala was employed, without interruption, as a manicurist, pedicurist, and masseur by Defendants.

60. Throughout her employment with Defendants, Plaintiff Minchala was scheduled to work more than 10 hours per shift.

61. Throughout her employment with Defendants, Plaintiff Minchala was scheduled to work more than 40 hours each week.

62. Plaintiff Minchala was paid $50 per day between August 2010 and December 2010.

63. Plaintiff Minchala was paid $55 per day between January 2011 and December 2011.

64. Plaintiff Minchala was paid $60 per day between January 2012 and December 2012.

65. Plaintiff Minchala was paid $65 per day between January 2013 and December 2014.

66. Plaintiff Minchala was paid $70 per day between January 2015 and July 2015.

67. Throughout the majority if not all of her employment with Defendants, Plaintiff Minchala was not paid the minimum wage.

68. Throughout the majority if not all of her employment with Defendants, Plaintiff Minchala was not paid minimum wage, overtime or spread of hours pay for shifts in which she worked 10 hours or more.

**Maria Anasicha's Employment at Best Nails**

69. Plaintiff Anasicha was employed by Defendants as a manicurist, pedicurist, and masseur between March 2011 and October 2011, March 2012 and April 2013, and May 2014 and July 2015.

70. Throughout her employment with Defendants, Plaintiff Anasicha was scheduled to work more than 10 hours per shift.

71. Throughout her employment with Defendants, Plaintiff Anasicha was scheduled to work more than 40 hours each week.

72. Plaintiff Anasicha was paid $50 per day between March 2011 and October 2011.

73. Plaintiff Anasicha was paid $55 per day between March 2012 and April 2013.

74. Plaintiff Anasicha was paid $70 per day between May 2014 and July 2015.

75. Throughout the majority if not all of her employment with Defendants, Plaintiff Palaguachi was not paid minimum wage, overtime or spread of hours pay for shifts in which she worked 10 hours or more.

**Defendants' Violations of the Wage Theft Protection Act**

76. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

77. Throughout the relevant time period, Defendants paid Plaintiffs' wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

78. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

81. At all times relevant, Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of

goods for commerce within the meaning of 29 U.S.C. § 203.  At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs.

82. Defendants were required to pay directly to Plaintiffs the applicable federal minimum wage rate for all hours worked.

83.  Defendant failed to pay Plaintiffs the minimum wages to which they are entitled under the FLSA.

84. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et. seq*.

86. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

### SECOND CAUSE OF ACTION
### New York Labor Law—Minimum Wage

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89. At all times relevant, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90. At all times relevant, Plaintiffs have been covered by the NYLL.

91. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

92. Defendants failed to pay Plaintiffs the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

93. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

94. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

97. Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

98. Defendants willfully failed to pay Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

99. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.   Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

100.    Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

101.    As a result of Defendants' willful violations of the FLSA, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et se*.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

102.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103.    Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

104.    Defendants failed to pay Plaintiffs one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

105.    Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully

violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

106.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York labor Law- Spread-of-Hours Pay**

107.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108.     At times, Plaintiffs worked more than ten hours in a workday.

109.     Defendants willfully failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

110.     Through their knowing or intentional failure to pay Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

111.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

112.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding
paragraphs.

113.     Defendants have willfully failed to supply Plaintiffs with wage notices, as
required by NYLL, Article 6, § 195(1), in English or in the language identified by
Plaintiffs in their primary language, containing Plaintiffs' rate or rates of pay and basis
thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other;
hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular
pay day designated by the employer in accordance with NYLL, Article 6, § 191; the
name of the employer; any "doing business as" names used by the employer; the
physical address of the employer's main office or principal place of business, and a
mailing address if different; the telephone number of the employer; plus such other
information as the commissioner deems material and necessary.

114.     Through their knowing or intentional failure to provide Plaintiffs with the wage
notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§
190 *et seq.*, and the supporting New York State Department of Labor Relations.

115.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are
entitled to statutory penalties of fifty dollars for each workweek that Defendants failed
to provide Plaintiffs with wage notices, or a total of twenty-five hundred dollars each,
reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for
by NYL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements

116.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117.     Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

118.     Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

119.     Due to Defendants' willful violations of NYLL, Article 6,  § 195(3), Plaintiffs are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants, Best Nails and Song Yun Lee and Byung Chan Song, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Damages for the unpaid overtime, wages, and spread-of-hours pay and due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c)     Damages for unpaid overtime, wages, and spread-of-hours pay due to Plaintiffs and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d)     Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198;

(e)     Penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs and the FLSA Collective with accurate wage statements, or a total of twenty-five hundred dollars as provided for by NYLL, Article 6, § 198;

(f)     Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g)     For prejudgment interest on the foregoing amounts;

(h)     For the costs and disbursements of this action, including attorneys' fees; and

(i)     For such other further and different relief as this Court deems just and proper.

Dated: August 27, 2015
     New York, NY

                          Respectfully submitted

                         _____
                         Jacob Aronauer (JA: 9184)
                         **THE LAW OFFICES OF JACOB ARONAUER**
                         Jacob Aronauer
                         225 Broadway, Suite 307
                         New York, NY 100017
                         (212) 323-6980
                         jaronauer@aronauerlaw.com

                         *Attorneys for Plaintiffs*

**EXHIBIT A**

## CONSENTIMIENTO PARA UNIRSE A LA ACCIÓN COLECTIVA

Doy mi consentimiento para unirme a la demanda, titulado Pror Palaguachi , en nombre propio y de todos aquellos en situación similar, v. Best Nails, et al. interpuestos en virtud de la Ley de Normas Razonables de Trabajo y las Leyes Laborales de New York.

Al firmar a continuación, Yo Declaro que estoy actualmente o estaba antiguamente empleado por los demandados en algún momento durante los seis años anteriores. Yo estaba obligado a trabajar para los demandados en exceso de (40) cuarenta horas por semana, sin ser compensados adecuadamente por todas las horas trabajadas o por horas extra o propagación de horas de compensación de acuerdo con la ley estatal y federal.

Por la presente designo a Las Oficinas Legales del Abogado Jacob Aronauer ("Demandantes Counsel") para que me representen en todos los efectos de esta acción.

También design Pror Palaguachi, el representante de el grupo quien presentó la demanda que se hace referencia anteriormente como mi representante para tomar decisiones en mi nombre en relación con el litigio y el método y la manera de llevar a cabo el litigio. También afirmé que he entrado en mi propio acuerdo de retención con el abogado de los demandantes o consentimiento al acuerdo de retención suscrito por by Ms. Palaguachi en relación a los honorarios de abogados y costos, y todas las demás cuestiones relativas a esta demanda.

8/4/2015
Date

Signature

Flor Palaguachi
Name (Print)

## CONSENTIMIENTO PARA UNIRSE A LA ACCIÓN COLECTIVA

Doy mi consentimiento para unirme a la demanda, titulado Pror Palaguachi , en nombre propio y de todos aquellos en situación similar, v. Best Nails, et al. interpuestos en virtud de la Ley de Normas Razonables de Trabajo y las Leyes Laborales de New York.

Al firmar a continuación, Yo Declaro que estoy actualmente o estaba antiguamente empleado por los demandados en algún momento durante los seis años anteriores. Yo estaba obligado a trabajar para los demandados en exceso de (40) cuarenta horas por semana, sin ser compensados adecuadamente por todas las horas trabajadas o por horas extra o propagación de horas de compensación de acuerdo con la ley estatal y federal.

Por la presente designo a Las Oficinas Legales del Abogado Jacob Aronauer ("Demandantes Counsel") para que me representen en todos los efectos de esta acción.

También design Pror Palaguachi, el representante de el grupo quien presentó la demanda que se hace referencia anteriormente como mi representante para tomar decisiones en mi nombre en relación con el litigio y el método y la manera de llevar a cabo el litigio. También afirmé que he entrado en mi propio acuerdo de retención con el abogado de los demandantes o consentimiento al acuerdo de retención suscrito por by Ms. Palaguachi en relación a los honorarios de abogados y costos, y todas las demás cuestiones relativas a esta demanda.

8-26-2015
Date

_____
Signature

Maria Anasicha
Name (Print)

**CONSENTIMIENTO PARA UNIRSE A LA ACCIÓN COLECTIVA**

Doy mi consentimiento para unirme a la demanda, titulado Pror Palaguachi , en nombre propio y de todos aquellos en situación similar, v. Best Nails, et al. interpuestos en virtud de la Ley de Normas Razonables de Trabajo y las Leyes Laborales de New York.

Al firmar a continuación, Yo Declaro que estoy actualmente o estaba antiguamente empleado por los demandados en algún momento durante los seis años anteriores. Yo estaba obligado a trabajar para los demandados en exceso de (40) cuarenta horas por semana, sin ser compensados adecuadamente por todas las horas trabajadas o por horas extra o propagación de horas de compensación de acuerdo con la ley estatal y federal.

Por la presente designo a Las Oficinas Legales del Abogado Jacob Aronauer ("Demandantes Counsel") para que me representen en todos los efectos de esta acción.

También design Pror Palaguachi, el representante de el grupo quien presentó la demanda que se hace referencia anteriormente como mi representante para tomar decisiones en mi nombre en relación con el litigio y el método y la manera de llevar a cabo el litigio. También afirmé que he entrado en mi propio acuerdo de retención con el abogado de los demandantes o consentimiento al acuerdo de retención suscrito por by Ms. Palaguachi en relación a los honorarios de abogados y costos, y todas las demás cuestiones relativas a esta demanda.

_____
Date

_____
Signature

_____
Name (Print)